IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**AMANDA JANE HOVERMALE,**

    Plaintiff,

v.                                         CIVIL ACTION NO.: 3:20-CV-175 (GROH)

**ANDREW SAUL,**
**Commissioner of Social Security,**

    Defendant.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

This case arises from the denial of Plaintiff Amanda Jane Hovermale's ("Plaintiff") Title II application for a period of disability and disability insurance benefits ("DIB"). After Plaintiff's application proceeded through the administrative process, a United States Administrative Law Judge ("ALJ"), concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of Defendant Andrew Saul ("Commissioner"), Commissioner of Social Security. Now, Plaintiff seeks judicial review of the Commissioner's decision. Because the Commissioner's final decision to deny Plaintiff's claim for DIB contains no legal error and is supported by substantial evidence, the undersigned reports and recommends that Plaintiff's Motion for Summary Judgment [ECF No. 25] be **DENIED** and Defendant's Motion for Summary Judgment [ECF No. 29] be **GRANTED**.

## II. **PROCEDURAL HISTORY**

On or about January 30, 2018, Plaintiff respectively filed the present claim for DBI, with an alleged onset date of disability of August 29, 2017. R. 190-91. Plaintiff's application for DIB was initially denied on May 24, 2018, and upon reconsideration on July 26, 2018. R. 79-83, 85-87. After these denials, Plaintiff requested a hearing before an ALJ. R. 90-91. On December 3, 2019, a hearing was held before an ALJ. R. 29-51. At the hearing, Plaintiff was represented by counsel and appeared before the ALJ in Hagerstown, Maryland. R. 30. Dr. Estelle L. Davis, a vocational expert, appeared and testified at the hearing. R. 30, 47-50. On January 2, 2020, the ALJ issued a decision concluding that Plaintiff was not disabled within the meaning of the Social Security Act. R. 6-23. On August 11, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1-5.

On September 16, 2020, Plaintiff, filed a pro se Complaint in this Court to obtain judicial review of the Commissioner's final decision pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). Compl., ECF No. 1. The Commissioner, through counsel Maximillian F. Nogay, Assistant United States Attorney, filed his Answer and the Administrative Record of the proceedings on February 22, 2021. Answer, ECF No. 19; Admin. R., ECF No. 20. Soon thereafter, Plaintiff and the Commissioner filed their Motions for Summary Judgment and supporting briefs. Pl.'s Mot. Summ. J., ECF No. 25; Def.'s Mot. Summ. J., ECF No. 29. Plaintiff did not file a reply, and oral argument did not occur.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

and Local Rule of Civil Procedure 9.02(a). Having reviewed the parties' motions and the administrative record, the undersigned now issues the following Report and Recommendation.

### III. BACKGROUND

#### A. Personal History

Plaintiff was born on November 4, 1968, and was forty-nine years old at the time she made her application for DIB. R. 35, 52, 190-91. She is approximately 5'0" feet tall and weighs 192 pounds. R. 52. She testified that she completed high school. R. 36. Plaintiff lives with her husband and adult daughter. R. 35. According to Plaintiff, she last worked on August 29, 2017, as a warehouse worker at Macy's. R. 34, 36. At the hearing, Plaintiff alleged that she has degenerative disease of the lumbar spine, neuropathy, and depression. R. 41-42.[1]

#### B. Medical History

In accordance with the Court's Order Directing Filing of Briefs, the parties were required to produce a stipulation of facts in order to provide the Court with a chronology in narrative form of Plaintiff's relevant medical history. ECF No. 21 at 2. Accordingly, the undersigned relies upon those stipulated facts throughout this report and recommendation.[2] See Pl.'s Mot. Summ. J. ECF No. 25 1-6; Mem. Supp. Def.'s Mot. Summ. J. ECF No. 29 at 3-4.

---

[1] In Plaintiff's Disability Report, Plaintiff's listed conditions that limit her ability to work are lumbar spine disease and nerves. R. 212.
[2] Plaintiff did not comply with the undersigned's Order and provide a stipulation of facts. However, the undersigned will treat Plaintiff's contentions as her proposed stipulation.

3

## IV. THE FIVE-STEP EVALUATION PROCESS

To be "disabled" under the Social Security Act, a claimant must meet the following criteria:

> [The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement [of twelve months] . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §§ 404.1520(a), 416.920(a). "If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional

4

capacity [("RFC")] based on all the relevant medical and other evidence in your case record, as explained in § 404.1545." 20 C.F.R. §§ 404.1520(e), 416.920(e).

> (iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520, 416.920. In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. Richardson v. Califano, 574 F.2d 802, 804 (4th Cir. 1978). Once the claimant so proves, the burden of proof shifts to the Commissioner at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. Hicks v. Gardner, 393 F.2d 299, 301 (4th Cir. 1968). If it is determined that the claimant is "disabled" or "not disabled" during any of the five steps, the process will not proceed to the next step. 20 C.F.R. §§ 404.1520, 416.920.

## V. ADMINISTRATIVE LAW JUDGE'S DECISION

At step one of the sequential evaluation process outlined above, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity for a continuous twelve-month period. R. 11. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: mild degenerative disc disease of the lumbar spine, moderate hypertrophic facet disease, neuropathy, and obesity. Id. At step three, the ALJ found that Plaintiff does not have an impairment, or combination of impairments, that

5

meets or medically equals the severity of one of the listed impairments. R. 13. At step four, the ALJ determined that Plaintiff's RFC as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can lift, carry, push or pull up to 20 pounds occasionally and up to 10 pounds frequently. She can sit for six hours of an 8-hour workday and can stand or walk for up to six hours of an 8-hour workday. She can occasionally climb ramps or stairs, but cannot climb ladders, ropes or scaffolds. She can occasionally balance, stoop, kneel, crouch or crawl. She is limited to occasional reaching overhead with the dominant right upper extremity.

R. 13. Then, the ALJ determined that Plaintiff is able to perform past relevant work as a housekeeper, assembler, and hand packager. R. 17. Further, the ALJ stated that the past work did not require the performance of work-related activities precluded by the RFC. Id. Thus, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. R. 19.

## VI. DISCUSSION

### A. Scope of Review

In reviewing an administrative finding of no disability, the scope of review is limited to determining whether the ALJ applied the proper legal standards and whether the ALJ's factual findings are supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). A "factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Likewise, a factual finding by the ALJ is not binding if it is not supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept to

support a conclusion." Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Elaborating on this definition, the United States Court of Appeals for the Fourth Circuit has stated that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a jury verdict were the case before a jury, then there is 'substantial evidence.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). When determining whether substantial evidence exists, a court must "not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ['s]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

### B. Contention of the Parties

In her Motion for Summary Judgment, Plaintiff contends, generally, that the ALJ's decision is incorrect and the vocational expert's analysis is impractical. ECF No. 25 at 1-6. Based on the alleged errors, Plaintiff requests that the Court reverse the Commissioner's decision. Id. at 1.

Conversely, the Commissioner argues that the ALJ's decision is supported by substantial evidence. ECF Nos. 29, 29-1. The Commissioner avers that (1) substantial evidence supports the ALJ's analysis of Plaintiff's subjective complaints and (2) substantial evidence supports the ALJ's step four finding that Plaintiff could perform her past relevant work. ECF No. 29-1 at 6-9. Accordingly, the Commissioner requests that the Court affirm his decision. Id. at 9.

**C. Analysis of the Administrative Law Judge's Decision**

    **1. Substantial Evidence Supports the ALJ's Decision as to Plaintiff's Subjective Complaints and Objective Medical Evidence.**

While Plaintiff's argument is not entirely clear, it appears that Plaintiff takes issue with the ALJ's analysis of Plaintiff's subjective complaints. Also, Plaintiff provides further clarification to explain some of her actions that are noted in the record.

The determination of whether a person is disabled by pain or other symptoms is a two-step process. Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996); see also 20 C.F.R. § 404.1529(c)(1); SSR 96-7p, 1996 WL 374186 (July 2, 1996) (superseded by SSR 16-3p, 2017 WL 5180304 (October 25, 2017)). First, the ALJ must consider whether the individual has a medically determinable impairment that could reasonably produce the individual's alleged symptoms. SSR 16-3p, 2017 WL 5180304, at *3 (October 25, 2017). Second, once this threshold determination has been made, the ALJ must evaluate the intensity and persistence of Plaintiff's alleged symptoms in light of the entire record. Id. at *4-5. Social Security Ruling 16-3p sets out some of the factors used to assess the intensity, persistence, and limiting effects of an individual's subjective allegations, including: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning

the individual's functional limitations and restrictions due to pain or other symptoms. Id. at *7-8.

In the first step of the analysis, the Plaintiff must produce some objective medical evidence of a condition reasonably likely to cause the pain claimed; after overcoming that initial threshold, the Plaintiff may choose to rely solely upon her own subjective complaints as evidence. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006). However, subjective complaints may be set aside when the complaints are not supported by the record. 20 C.F.R. § 404.1529.

As an initial matter, Plaintiff does not appear to question the accuracy of the ALJ's statements. Plaintiff identifies statements by the ALJ referring to parts of the record, and Plaintiff provides further explanation as to her actions. For example, Plaintiff does not dispute the ALJ's finding that Plaintiff would not attend pain management treatment, and instead, Plaintiff explains why she did not pursue this course of treatment.

In examining the ALJ's decision and the record, the ALJ adhered to the regulations in evaluating Plaintiff's subjective complaints with the objective medical evidence. First, the ALJ examined the record and concluded that Plaintiff's medically determinable impairments could be expected to cause the alleged symptoms. R. 15. Second, the ALJ found that Plaintiff's subjective complaints concerning intensity, persistence, and limiting effects of her symptoms were inconsistent with objective medical evidence. Id. In compliance with SSR 16-3p, the ALJ cited objective medical evidence that contradicted Plaintiff's severity complaints. The ALJ noted that "while the [Plaintiff] complained of debilitating low back pain and an August 2017 MRI showed moderate degenerative disc disease and facet arthropathy, physical examinations show[ed] that she had a normal

9

gait, she was able to perform tandem gait without difficulty, and she was able to stand on one leg." Id. (citing Exs. 5F at 5 and 8F at 5). The ALJ proceeded to cite additional medical evidence, where Plaintiff had positive straight leg tests on the right leg, but "denied any pain with range of motion testing of her lower extremities." Id. (citing Ex. 5F at 4-6). Additionally, the ALJ noted that Plaintiff's lack of aggressive treatment for her back pain, as witnessed by Plaintiff's use of only Ibuprofen and Flexeril and her decision not to attempt pain management, was inconsistent with Plaintiff's reported severity. R. at 15-16. Therefore, the ALJ did indeed cite exhibits in the record in support of his findings. Id. In doing so, the ALJ gave specific reasons and explanations to doubt Plaintiff's alleged intensity of her symptoms. SSR 16-3p, 2017 WL 5180304, at *10 (October 25, 2017).

Also, the ALJ complied with the regulations by highlighting other factors used to assess Plaintiff's subjective allegations of pain. Specifically, the ALJ examined Plaintiff's daily activities. R. 16; See Reyes v. Berryhill, Civil Action No. 7:16CV340, 2018 WL 1442890, at *3 (W.D. Va. January 25, 2018) (citing Johnson v. Barnhart, 434 at 659 ("An ALJ may properly rely on evidence regarding a plaintiff's routine, non-work activities in rejecting a claim of disability.")). The ALJ determined that Plaintiff engaged in significant household and social activities despite Plaintiff's impairments. R. 16. Again, the ALJ provided to specific examples from the record, including from the hearing that occurred before the ALJ, and cited to the record.[3] SSR 16-3p, 2017 WL 5180304, at *8 (October 25, 2017). Further, the ALJ properly examined Plaintiff's daily activities in reaching the decision. See Ladda v. Berryhill, 749 F. App'x 166, 173 n.3 (4th Cir. 2018).

---

[3] Specifically, the ALJ identified that Plaintiff reported that she is able to manage her personal care, do household chores, cook meals daily, drive, go to the grocery store, manage personal finances, play on her tablet, occasionally craft, talk on the phone, and that there is no changes in social activities. R. 16 (citing Hearing Testimony, Ex. 3F at 4, Ex. 5E at 2-5).

Plaintiff has not demonstrated, nor can the undersigned find, that the ALJ committed a legal error when evaluating Plaintiff's subjective complaints with objective medical evidence. Therefore, substantial evidence supports the ALJ's decision, and the ALJ complied with applicable regulations.

**2. Substantial Evidence Supports the ALJ's Finding that Plaintiff Could Perform Past Relevant Work, and There is No Merit to Plaintiff's Disputes with the Vocational Expert's Testimony.**

Plaintiff takes issue with the vocational expert's testimony that Plaintiff could perform her past relevant work as a housekeeper, assembler, and hand packager. ECF No. 25 at 4-6.

"The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work in the national economy which [a] particular claimant can perform." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). 20 C.F.R. § 404.1560(b)(2) states, in part:

> A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. § 404.1560(b)(2).

Here, the vocational expert acted in accordance with the regulations and provided the ALJ with information based on the information that was provided and the hypotheticals asked. The vocational expert attended the ALJ hearing telephonically and listened to the evidence presented of Plaintiff's impairments and past work history. R 32. Then, the ALJ posed to the vocational expert a hypothetical question based on the RFC. R. 48-49. The vocational expert concluded that a person in Plaintiff's position could perform past relevant work as a housekeeper, assembler, and hand packager. R. 49. Additionally, Plaintiff's counsel at the hearing did not object to these findings and only asked follow-up questions to obtain additional information. Id. Further, Plaintiff raises no issues with the vocational expert's qualifications or with the methods used to determine that Plaintiff is capable of performing pat relevant work. ECF No. 25 at 4-6.

Instead, Plaintiff indicates that she does not find the vocational expert's findings to be realistic. Id. However, the undersigned must only examine whether the regulations were complied with and if there is an error of law. It was determined that the Plaintiff could perform light work, and the positions that the vocational identified as work Plaintiff could return to are considered "light work." See Dictionary of Occupational Titles (Apr. 18, 2011), https://occupationalinfo.org/; Johnson v. Barnhart, 434 F.3d at 654; Johnson v. Saul, 446 F.Supp.3d 29, 34 (W.D.N.C. March 19, 2020); Osgood v. Astrue, C/A No. 2:08-CV-03386-DCN, 2010 WL 737839, at *4 (D.S.C. March 2, 2010). Also, even though Plaintiff questions where she could find such work in her community [ECF No. 25 at 5], the vocational expert adhered to the regulations and cited work generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2). Additionally, while the Plaintiff states that she has worked primarily in warehouse and factory positions, the vocational expert

is not barred from concluding Plaintiff is capable of performing differing types of light work. See id. Simply, there was no legal error committed by the vocational expert in stating that Plaintiff could perform past relevant work that falls under "light work" activities. Therefore, substantial evidence supports the ALJ's finding that Plaintiff could perform past relevant work.

## VII. RECOMMENDATION

For the reasons herein stated, I find that the Commissioner's decision denying Plaintiff's claim for DIB contains no legal error and is supported by substantial evidence. Accordingly, I **RECOMMEND** that Plaintiff's Motion for Summary Judgment [ECF No. 25] be **DENIED**, Defendant's Motion for Summary Judgment [ECF No. 29] be **GRANTED**, the decision of the Commissioner be **AFFIRMED**, and this case be **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet, and to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 20th day of May, 2021

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE